UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ZEVON McCARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:11-cv-1732-TWP-TAB |
| | ) | |
| CHARLES L. LOCKETT, J. BEIGHLY, and | ) | |
| TIMOTHY BRET TABOR, | ) | |
| | ) | |
| Defendants. | ) | |

ENTRY GRANTING MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT

I.    BACKGROUND

This matter is before the Court on Defendants' Charles L. Lockett, J. Beighly and

Timothy Bret Tabor (collectively, "Defendants"), Motion to Dismiss or in the Alternative,

Motion for Summary Judgment.   Plaintiff Zevon McCarter ("Mr. McCarter") is a federal

prisoner who at all times relevant to this action was confined at the Federal Correctional

Complex in Terre Haute, Indiana, ("FCC-TH").   Mr. McCarter has brought the following claims

pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S.

388 (1971):   Mr. McCarter alleges that Defendants Lockett, the prison Warden, and Beighly,

Health Service Administrator, violated his Eighth Amendment rights because they allegedly

allowed Defendant Timothy Bret Tabor, ("P.A. Tabor") a physicians' assistant, to treat him

without being licensed to practice medicine in Indiana.   Mr. McCarter further alleges that his

medical condition worsened or was untreated during the time he was assigned to be seen by P. A.

Tabor.

Defendants have filed a motion to dismiss or in the alternative, a motion for summary

judgment, seeking resolution of the claims against them based on their affirmative defense that Mr. McCarter failed to exhaust his available administrative remedies prior to filing this action. Mr. McCarter has responded to the motion for summary judgment. For the reasons explained in this Entry, the motion for summary judgment (Dkt. 29) is **GRANTED.**

## II.  LEGAL STANDARDS

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007). The court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to the motion for summary judgment is the Prison Litigation Reform Act ("PLRA"), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. ' 1997e(a). *See Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

### III. <u>DISCUSSION</u>

**A.      Undisputed Facts**

Mr. McCarter was confined at FCC-TH from October 27, 2010, until May 18, 2011, when he was transferred to another prison.  The Bureau of Prisons ("BOP") has promulgated an administrative remedy system which is codified at 28 C.F.R. §§ 542.10, *et seq*., and BOP Program Statement ("PS") 1330.16.  The administrative remedy process is a method by which an inmate may seek formal review of a complaint related to any aspect of his imprisonment.  28 C.F.R § 542.10.[1]

To properly exhaust his remedies, an inmate must file an informal remedy request through appropriate institution staff members (BP-8).  If the inmate is not satisfied with the informal remedy response, he is first required to address his complaint within twenty (20) calendar days to the Warden (BP-9).  28 C.F.R. § 542.14.  If the inmate is dissatisfied with the Warden's response, he may appeal to the Regional Director (BP-10) within twenty (20) calendar days of the date of the Warden's response.  28 C.F.R. § 542.15.  If dissatisfied with the Regional Director's response, the inmate may appeal to the General Counsel within thirty (30) calendar days of the Regional Director's response.  *Id.*  Once an inmate receives a response to his appeal from the General Counsel (BP-11), after filing administrative remedies at all three required levels, his administrative remedies are exhausted as to the specific issue(s) raised.[2]

---

[1]All codified BOP Program Statements are available for inmate access via the institution law library, including BOP Program Statement 1330.16, Administrative Remedy Procedure for Inmates.  Administrative remedy filing procedures are also outlined in the inmate Information Handbook provided to all inmates upon initial intake at FCC-TH.

[2]An administrative remedy request filed at the institutional level is referred to as a BP-9 and is identified in the SENTRY database by the notation F1 following the remedy identification number.  A Regional Office filing is referred to as a BP-10 and is identified by the notation R1 following the remedy identification number.  A Central Office filing is referred to as a BP-11 and is identified by the notation A1 following the remedy identification number.  If amended or successive remedy requests are filed at the same level, the numeral following the alphabetical letter will change accordingly in SENTRY, i.e., F2, R2 or A2 following the remedy identification

An exception to the initial filing requirements at the institutional level exists if the inmate reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if the request became known at the institution. *See* 28 C.F.R. § 542.14(d)(1). For a sensitive filing, the inmate may submit the initial request directly to the Regional Director (sensitive BP-10). The submission must contain the word "sensitive" and contain a written explanation of the inmate's reasoning for not following the normal submission process of filing at the institutional level. If the Regional Administrative Remedy Coordinator agrees that the request is sensitive, the request shall be accepted and processed accordingly. Otherwise, the request will be rejected. The inmate will be notified of said rejection in writing directing him to initiate his exhaustion efforts at the institutional level by filing a BP-9 with the Warden. If an inappropriate sensitive BP-10 is rejected at the regional level, it does not initiate the BOP's administrative remedy process, nor does it qualify as complete exhaustion as to the issues raised.

When the SENTRY database was reviewed on November 28, 2012, it was discovered that Mr. McCarter had filed a total of forty-seven (47) administrative remedy submissions from the date he arrived at FCC-TH through the date he filed this lawsuit, December 23, 2011.[3] The evidence presented by the Defendants consists of Mr. McCarter's administrative remedies that were related to staff misconduct or medical issues.

On January 3, 2011, Mr. McCarter bypassed the institutional level and filed a "sensitive" BP-10 under remedy number 622156-R1 with the Regional Office alleging "Other Medical

---

number.

[3]All requests for administrative remedy filed by inmates are logged and tracked in the SENTRY computer program, which is an electronic record keeping system utilized by the BOP. BOP Technical Reference Manual, 1301.02, Part 2, Section E, provides an explanation of the "Status Codes" and "Status Reasons" utilized to denote action taken in reference to administrative remedies filed by inmates. Each entry in the SENTRY database contains a short "abstract" of what issue the inmate is requesting to be formerly reviewed by BOP staff members. The fields in the system are limited in the amount of space available to enter the inmate's issue; therefore, staff members entering data into the SENTRY system utilize abbreviations as necessary in the various program status fields.

Matters."  A response rejecting his request was issued on January 3, 2011, advising him that the issues raised were not sensitive in nature and he was required to properly initiate the administrative remedy process at the institutional level.  Mr. McCarter failed to file any additional remedy requests with respect to remedy 622156 prior to filing this lawsuit.

On January 3, 2011, Mr. McCarter again bypassed the institutional level and filed a sensitive BP-10 under remedy number 622163-R1 with the Regional Office alleging "Other Complaints Against Staff."  A response rejecting his request was issued on the same date advising him that the issues raised were not sensitive in nature and he was required to initiate the administrative remedy process at the institutional level.  Rather than filing at the institutional level, on February 23, 2011, Mr. McCarter filed remedy number 622163-A1 at the Central Office level.  Because Mr. McCarter failed to begin the administrative remedy process by filing a BP-9 at the local level, his filing was rejected by Central Office on March 3, 2011.

On February 15, 2011, Mr. McCarter filed remedy 628115-F1 at the institutional level alleging "Says Med People Working w/o License."  A response rejecting his request was issued on February 25, 2011, based upon an untimely filing.  No other filings were submitted by Mr. McCarter with respect to remedy 628115.

On February 25, 2011, Mr. McCarter filed remedy 627997-F1 at the institutional level alleging "Fell in Shower/Wants to See Neurologist."  A response rejecting this request was issued on the same date based upon Mr. McCarter not submitting his request through his counselor (or other authorized employee).  He did not attempt informal resolution prior to submitting the administrative remedy (or did not provide the necessary evidence of his attempt at informal resolution) and he did not submit a complete set of the request or appeal forms.  Furthermore, Mr. McCarter was instructed that he could resubmit his appeal in proper form

within ten (10) days of the date of the rejection notice.  Mr. McCarter did not file any further remedy requests with respect to remedy 627997 prior to filing this lawsuit.

Also on February 25, 2011, Mr. McCarter filed remedy 628001-F1 at the institutional level alleging "Claims Life was Placed in Danger."  A response rejecting Mr. McCarter's remedy request was issued on this same date based upon him not submitting his request through his counselor (or other authorized employee).  He did not attempt informal resolution prior to submitting the administrative remedy (or did not provide the necessary evidence of his attempt at informal resolution) and he did not submit a complete set of the request or appeal forms.  Mr. McCarter was instructed that he could resubmit his appeal in proper form within ten (10) days of the date of the rejection notice.  Mr. McCarter did not file any further remedy requests with respect to remedy 628001 prior to filing this lawsuit.

On February 25, 2011, Mr. McCarter filed remedy 628003-F1 at the institutional level alleging "Claims Staff Misconduct."  A response rejecting this request was issued on the same date based upon him not submitting his request through his counselor (or other authorized employee).  He did not attempt informal resolution prior to submitting the administrative remedy (or did not provide the necessary evidence of his attempt at informal resolution) and he did not submit a complete set of the request or appeal forms.  Furthermore, Mr. McCarter was instructed that he could resubmit his appeal in proper form within ten (10) days of the date of the rejection notice.  Mr. McCarter did not file any further remedy requests with respect to remedy 628003 prior to filing this lawsuit.

On February 28, 2011, Mr. McCarter bypassed the institutional level and filed a sensitive BP-10 under remedy 629458-R1 with the Regional Office alleging "Other Complaints Against Staff."  The Regional Office issued a response on this same date rejecting Mr. McCarter's

6

request because the issues raised were not sensitive in nature, he did not attempt informal resolution, and he needed to properly initiate the administrative remedy process at the institutional level.  Mr. McCarter did not file any other remedy requests with respect to remedy 629458 prior to filing this lawsuit.

Mr. McCarter bypassed the institutional and regional levels when he filed a sensitive BP-11 under remedy number 630215-A1 with Central Office on February 28, 2011, alleging "Staff Threatens Him."  Because the issues were deemed to be not sensitive in nature, a response rejecting his request was issued on March 11, 2011.  Mr. McCarter did not file any additional remedy requests with respect to remedy 630215 prior to filing his complaint.

Mr. McCarter again bypassed the institutional and regional levels by filing a sensitive BP-11 under remedy number 630217-A1 with the Central Office on February 28, 2011, alleging "Intimidated by Staff/Postage Stamps."  The issues raised by Mr. McCarter were viewed as not sensitive in nature and a response rejecting his request was issued to him on March 11, 2011. Mr. McCarter did not file any additional remedy requests with respect to remedy 630217 prior to filing his complaint.

Mr. McCarter filed remedy request 628726-F1 on March 2, 2011, at the institutional level alleging "Wants Thyroid Ultrasound."  A response along with an explanation was issued and the remedy was closed on March 17, 2011.  At this point, Mr. McCarter should have filed an appeal at the regional level; however, he did not do so with respect to remedy 628726.

Mr. McCarter also filed remedy request 628728-F1 at the institutional level alleging "Staff Complaint/Commissary Complaint" on March 2, 2011.  A response rejecting this request was issued on the same date based upon Mr. McCarter not submitting his request through his counselor (or other authorized employee).  He did not attempt informal resolution prior to

submitting the administrative remedy (or did not provide the necessary evidence of his attempt at informal resolution) and he did not submit a complete set of the request or appeal forms. Mr. McCarter was instructed that he could resubmit his appeal in proper form within ten (10) days of the date of the rejection notice.   Mr. McCarter did not file any further remedy requests with respect to remedy 628728 prior to filing this lawsuit.

Mr. McCarter again bypassed the institutional level and filed a sensitive BP-10 on April 13, 2011, under remedy 635223-R1 with the Regional Office alleging "Refers to 11 other BP-10(s) 14 all with Diff Issues."   The issues raised were viewed to be not sensitive in nature and therefore he submitted his request or appeal to the wrong level or wrong office.   Additional remarks which appear in the record state, "you cannot combine 11 rejection appeals on one BP-10.   You were given 10 days to correct errors on your BP-9(s) and re-file at the institution but did not."   On April 15, 2011, Mr. McCarter filed remedy number 635223-A1 appealing the decision of the Regional Office.   On April 19, 2011, Mr. McCarter was issued a rejection based upon submitting the request or appeal to the wrong level or wrong office and the remarks instructed him to "follow directions on BP-9 rejection and start again at the BP-9 level."   Mr. McCarter did not file any additional remedy requests with respect to remedy 635223 prior to filing his complaint.

On April 19, 2011, Mr. McCarter filed remedy request number 635818-F1 at the institutional level alleging "Claims Staff Misconduct."   A response along with an explanation was issued and the remedy was closed on May 12, 2011.   Mr. McCarter should have appealed to the regional level at this point; however, he did not do so.

**B.      Analysis**

"Proper exhaustion demands compliance with an agency's deadlines and other critical

procedural rules because no adjudicative system can function effectively without imposing some

orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006)

(footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to

properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the

time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022,

1025 (7th Cir. 2002)).

Mr. McCarter acknowledges that the FCC-TH records reflect that he did not complete the

administrative grievance process with regard to his various BP-9s.  He argues that BOP officials

destroyed or failed to turn in his grievances.  He contends, in particular, that two BP-9s that were

turned in by his counselor between January 26, 2011 and February 4, 2011, do not appear on the

Administrative Remedy Generalized Retrieval System printout.  In his response he also alleges

that prison staff tampered with his outgoing mail addressed to the Regional Office and attached

all of his 11 BP-9 rejection notices to a single BP-10.  He correctly asserts that prison officials'

failure to respond to an inmate's grievance renders administrative remedies unavailable.  *See*

*Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) ("[p]rison officials may not take unfair

advantage of the exhaustion requirement, however, and a remedy becomes ›unavailable‹ if prison

employees do not respond to a properly filed grievance or otherwise use affirmative misconduct

to prevent a prisoner from exhausting.").  However, this is not a case in which the prison officials

failed to respond to his grievances.  Rather, Mr. McCarter was informed of the reasons his

grievances were rejected and he was directed to take further steps.  The record shows that at no

time did he complete the process for any of the issues alleged in his complaint.

The problem with Mr. McCarter's position, however, is that it is not supported by

admissible evidence.  "To survive summary judgment, the nonmovant must produce sufficient

admissible evidence, taken in the light most favorable to it, to return a jury verdict in its favor."

*Fleishman v. Continental Cas. Co.,* 698 F.3d 598, 603 (7th Cir. 2012).   Without admissible

evidence from Mr. McCarter to counter Defendants' authenticated evidence and affidavit from

Jennifer Wrede, there is no genuine issue of material fact. *Luster v. Illinois Dept. of Corrections,*

652 F.3d 726, 731 (7th Cir. 2011).   Mr. McCarter has not presented admissible evidence to

support his factual allegations.   As a result, the undisputed record shows that Mr. McCarter

attempted to exhaust his available administrative remedies numerous times, but he did not

complete the process.   Therefore, Mr. McCarter has not identified a genuine issue of material

fact as to whether he filed a timely and complete grievance concerning the incidents alleged in

his complaint.   This is the result of Local Rule 56-1(f), of which Mr. McCarter was notified.

The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Mr.

McCarter's action should not have been brought until he first exhausted his administrative

remedies, and must now be dismissed without prejudice.   *See Ford v. Johnson,* 362 F.3d 395,

401 (7th Cir. 2004) ("We therefore hold that *all* dismissals under § 1997e(a) should be without

prejudice.") (emphasis in original).   "In order to exhaust administrative remedies, a prisoner must

take all steps prescribed by the prison's grievance system." *Id.* at 397; *see also Pozo,* 286 F.3d at

1024 (explaining that "a prisoner who does not properly take each step within the administrative

process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from

litigating").

### III. CONCLUSION

For the reasons explained above, the Motion for Summary Judgment filed by Defendants

Warden Lockett, Health Service Administrator Beighly and P. A. Tabor (Dkt. 29) is

**GRANTED.**

Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: _____05/03/2013_____

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Zevon McCarter, #07079-017
USP Tucson
Inmate Mail/Parcels
P.O. Box 24550
Tucson, Arizona  85734

Jeffrey L. Hunter
OFFICE OF THE UNITED STATES ATTORNEY
jeff.hunter@usdoj.gov